REQUESTED BY: Senator Tom Vickers Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
In your letter of January 29, 1981, you requested our opinion of the constitutionality of LB 32, a bill to prohibit the possession or operation of any radar detection or transmission device while operating a motor vehicle within the state. You have also asked whether the bill is in conflict with or in violation of the Federal Communications Act of 1934 or Title 47 of the United States Code.
The bill is clearly directed toward assisting law enforcement agencies in their enforcement of speed laws. That is a proper function of the police power of the Legislature in furthering the safety of the public on Nebraska roads and highways. The language of the statute appears adequate to comply with due process requirements of notice as to what is prohibited and the provisions for storage of such devices in a place not readily accessible to the occupants of the automobile is a reasonable compromise between the purpose of the act and the interests of interstate travelers who may be entering Nebraska from a state where the operation of a radar detection or jamming device is permitted or traveling from Nebraska through such a state.
One area of some concern is the definition of `possession.' It could be argued that the function of the term is to create an irrebuttable presumption that a device which is hooked up to a power source or within ready access to any person in the vehicle was being used to evade the enforcement of speed laws. In that event the bill would probably be held unconstitutional because conclusive presumptions are disfavored, particularly in criminal law, and it is impermissible to shift the burden of proof to the defendant. (See, e.g., Crenshaw v. Commonwealth, 219 Va. 38,245 S.E.2d 243 (1978).) However, in Ulster County Court v.Allen, 442 U.S. 140 (1979), the United States Supreme Court considered the validity of a statutory presumption and a synopsis of the cases on the subject provided therein would indicate that questions have arisen out of situations where there has been a presumption expressly created by law or jury instruction rather than where the effect of a law is to create a presumption. In addition, statutes are to be construed when possible in a manner which will sustain their constitutionality. The definition of `possession' may be a concession for interstate travelers aimed at avoiding arguments that the bill has an unconstitutionally detrimental impact on interstate commerce. With this construction, as opposed to one which would interpret the bill to create an irrebuttable presumption of `use,' the proposed legislation would probably not be considered constitutionally defective.
The issue of whether the proposed legislation is in conflict with, or in violation of, the Federal Communications Act of 1934, 47 U.S.C. § 151, et seq., is essentially a question of whether the federal government has preempted the field and precluded state legislation on the subject. In accomplishing its purposes as relates to radio the FCC has principally regulated transmissions. It does not appear that Congress has intended to preempt the field when it comes to the reception of transmissions. Section 2, paragraph (1), of LB 32 defines a radar detection device as a `mechanism designed to detect the emission of radio microwaves in the electromagnetic spectrum, which microwaves, commonly referred to as radar, are employed by law enforcement officials to measure the speed of motor vehicles.' State legislation concerning radar detection devices has not been precluded since it is the reception rather than generation of transmissions which is being regulated.
The federal government has regulated in the area of transmission of radio waves, which is the subject of the portion of LB 32 prohibiting the possession or operation of radar transmission devices. Nevertheless, it is clear that there is not a conflict between LB 32 and the federal statutes and rules pertaining to the FCC. Both have the purpose of preventing interference with radio waves.
However, the primary purpose for the federal legislation is to assist the formation of an efficient, nationwide communications system while the primary purpose of LB 32 is to protect persons on the roads and highways of this state by preventing the obstruction of the enforcement of speed laws. Since there is no conflict and since the need for uniformity is not so great as to exclude state legislation, joint jurisdiction in this area should be permitted. See,McInerney v. Ervin, 46 So.2d 458 (Fla. 1950).
In conclusion, it is our opinion that legislation in this area has not been precluded by the federal legislation and that the constitutionality of the bill, if enacted, would be upheld.
Very truly yours, PAUL L. DOUGLAS Attorney General Mark Starr Assistant Attorney General